## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JESSE M. TREVATHAN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-7682** |
| **DARRYL VANNOY** | **SECTION: "R"(1)** |

## REPORT AND RECOMMENDATION

Jesse M. Trevathan, a former Louisiana inmate, filed the instant federal petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. For the following reasons, it is recommended that the petition be **DISMISSED WITH PREJUDICE**.

Based on an offense he committed at the age of sixteen, petitioner was convicted in a Louisiana state court in 1982 of second degree murder[1] and sentenced to a mandatory term of life imprisonment without benefit of parole, probation, or suspension of sentence.[2] The Louisiana First Circuit Court of Appeal affirmed that conviction and sentence,[3] and the Louisiana Supreme Court denied his related writ application.[4]

Almost three decades later, the United States Supreme Court held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" Miller v. Alabama, 567 U.S. 460, 465 (2012). Based on Miller, petitioner's sentence was then found to be unconstitutional, and he was granted federal habeas corpus relief pursuant to 28 U.S.C. § 2254 on April 11, 2016.[5]

---

[1] State Rec., Vol. 5 of 6, trial transcript, p. 173; State Rec., Vol. 1 of 6, minute entry dated September 14, 1982.
[2] State Rec., Vol. 5 of 6, transcript of October 8, 1982; State Rec., Vol. 1 of 6, minute entry dated October 8, 1982.
[3] State v. Trevathan, 432 So. 2d 355 (La. App. 1st Cir. 1983); State Rec., Vol. 1 of 6.
[4] State v. Travathan [sic], 437 So. 2d 1141 (La. 1983); State Rec., Vol. 1 of 6.
[5] Trevathan v. Cain, Civ. Action No. 15-1009, 2016 WL 1446150 (E.D. La. Apr. 11, 2016).

On July 1, 2016, the state district court thereafter resentenced petitioner to a term of life imprisonment **with** the possibility of parole.[6]  Petitioner then filed a motion to reconsider sentence,[7] which was denied by the state district court on August 3, 2016.[8]  His related writ applications were likewise denied by the Louisiana First Circuit Court of Appeal on December 1, 2016,[9] and by the Louisiana Supreme Court on April 6, 2018.[10]  While that application was pending before the Louisiana Supreme Court, he was in fact released on parole, and he currently resides in Texas.

On August 13, 2016, petitioner filed the instant federal habeas corpus application claiming that the new sentence imposed by the state district court in 2016 is also unconstitutional under Miller.[11]  The state filed a response conceding that the application is timely under the applicable statute of limitations,[12] that petitioner has exhausted his remedies in the state courts,[13] and that he remains "in custody" for the purposes of 28 U.S.C. § 2254;[14] however, the state argues that his claim has no merit.[15]

---

[6] State Rec., Vol. 5 of 6, transcript of July 1, 2016.
[7] State Rec., Vol. 6 of 6.
[8] State Rec., Vol. 6 of 6, Order dated August 3, 2016.
[9] State v. Trevathan, No. 2016 KW 1199, 2016 WL 7031699 (La. App. 1st Cir. Dec. 1, 2016); State Rec., Vol. 6 of 6.
[10] State ex rel. Trevathan v. State, 239 So. 3d 828 (La. 2018); State Rec., Vol. 6 of 6.
[11] Rec. Doc. 1.
[12] See 28 U.S.C. § 2244(d).
[13] See 28 U.S.C. § 2254(b)(1)(A) (requiring exhaustion of state remedies in habeas corpus actions brought pursuant to § 2254).
[14] "[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a) (emphasis added).  A person on parole is considered to remain "in custody" for the purposes of § 2254.  See Jones v. Cunningham, 371 U.S. 236, 243 (1963) ("While petitioner's parole releases him from immediate physical imprisonment, it imposes conditions which significantly confine and restrain his freedom; this is enough to keep him in the 'custody' of the members of the Virginia Parole Board within the meaning of the habeas corpus statute …."); Freeman v. Georgia, 599 F.2d 65, 66 n.1 (1979) ("The fact that Freeman may have been released on parole after serving a third of his twenty year sentence does not affect § 2254 habeas jurisdiction since it is well-established that the writ may be used though the prisoner has been released on parole.").
[15] Rec. Doc. 10.

# I.  Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") comprehensively overhauled federal habeas corpus legislation, including 28 U.S.C. § 2254.  Amended subsections 2254(d)(1) and (2) contain revised standards of review for pure questions of fact, pure questions of law, and mixed questions of both.  The amendments modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law."  Bell v. Cone, 535 U.S. 685, 693 (2002).

As to pure questions of fact, factual findings are presumed to be correct and a federal court will give deference to the state court's decision unless it "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2); see also 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.").

As to pure questions of law and mixed questions of law and fact, a federal court must defer to the state court's decision on the merits of such a claim unless that decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).  Courts have held that the "'contrary to' and 'unreasonable application' clauses [of § 2254(d)(1)] have independent meaning."  Bell, 535 U.S. at 694.

Regarding the "contrary to" clause, the United States Fifth Circuit Court of Appeals has explained:

> A state court decision is contrary to clearly established precedent if the state court applies a rule that contradicts the governing law set forth in the [United States] Supreme Court's cases. A state-court decision will also be contrary to clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of the [United States] Supreme Court and nevertheless arrives at a result different from [United States] Supreme Court precedent.

Wooten v. Thaler, 598 F.3d 215, 218 (5th Cir. 2010) (footnotes, internal quotation marks, ellipses, and brackets omitted).

Regarding the "unreasonable application" clause, the United States Supreme Court has held: "[A] state-court decision is an unreasonable application of our clearly established precedent if it correctly identifies the governing legal rule but applies that rule unreasonably to the facts of a particular prisoner's case." White v. Woodall, 572 U.S. 415, 426 (2014). However, the Supreme Court cautioned:

> Section 2254(d)(1) provides a remedy for instances in which a state court unreasonably applies this Court's precedent; it does not require state courts to extend that precedent or license federal courts to treat the failure to do so as error. Thus, if a habeas court must extend a rationale before it can apply to the facts at hand, then by definition the rationale was not clearly established at the time of the state-court decision. AEDPA's carefully constructed framework would be undermined if habeas courts introduced rules not clearly established under the guise of extensions to existing law.

Id. (citations and quotation marks omitted). Therefore, when the Supreme Court's "cases give no clear answer to the question presented, let alone one in [the petitioner's] favor, it cannot be said that the state court unreasonably applied clearly established Federal law." Wright v. Van Patten, 552 U.S. 120, 126 (2008) (quotation marks and brackets omitted). The Supreme Court has also expressly cautioned that "an unreasonable application is different from an incorrect one." Bell, 535 U.S. at 694. Accordingly, a state court's merely incorrect application of Supreme Court

precedent simply does not warrant habeas relief.  Puckett v. Epps, 641 F.3d 657, 663 (5th Cir. 2011) ("Importantly, 'unreasonable' is not the same as 'erroneous' or 'incorrect'; an incorrect application of the law by a state court will nonetheless be affirmed if it is not simultaneously unreasonable.").

While the AEDPA standards of review are strict and narrow, they are purposely so.  As the United States Supreme Court has held:

> [E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable.
>
> If this standard is difficult to meet, that is because it was meant to be.  As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings.  It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther.  Section 2254(d) reflects the view that habeas corpus is a guard against *extreme malfunctions* in the state criminal justice systems, *not a substitute for ordinary error correction through appeal.  As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.*

Harrington v. Richter, 562 U.S. 86, 102-03 (2011) (emphasis added; citations omitted); see also Renico v. Lett, 559 U.S. 766, 779 (2010) ("AEDPA prevents defendants – and federal courts – from using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts.").

The Supreme Court has expressly warned that although "some federal judges find [28 U.S.C. § 2254(d)] too confining," it is nevertheless clear that "all federal judges must obey" the law and apply the strictly deferential standards of review mandated therein.  White v. Woodall, 572 U.S. 415, 417 (2014).

## II.  Petitioner's Claim

In petitioner's prior federal application, he claimed that his former mandatory sentence of life imprisonment *without* benefit of parole was unconstitutional under Miller v. Alabama, 567 U.S. 460 (2012).  He was correct, and habeas relief was granted.  In the instant application, he now claims that his new sentence of life imprisonment *with* benefit of parole is likewise unconstitutional under Miller.  This time, he is incorrect.

As noted, Miller involved the imposition of a *mandatory* sentence of life imprisonment *without* the possibility of parole.  In that case, the sentencing authority had no discretion to impose a different punishment on a juvenile offender "even if a judge or jury would have thought that his youth and its attendant characteristics, along with the nature of his crime, made a lesser sentence (for example, life *with* the possibility of parole) more appropriate."  Miller, 567 U.S. at 465.  The Supreme Court held that such a *mandatory* sentence for a *juvenile offender* was unconstitutional, stating:

> [O]ur … decisions make clear that a judge or jury must have the opportunity to consider mitigating circumstances before imposing the harshest possible penalty for juveniles.  By requiring that all children convicted of homicide receive lifetime incarceration without possibility of parole, regardless of their age and age-related characteristics and the nature of their crimes, the mandatory-sentencing schemes before us violate this principle of proportionality, and so the Eighth Amendment's ban on cruel and unusual punishment.

Miller, 567 U.S. at 489.  That said, the Supreme Court made clear that it was not holding that "the Eighth Amendment requires a categorical bar on life without parole for juveniles"; rather, the Court simply held that the sentencing authority is "require[d] it to take into account how children are different" before imposing that penalty.  Id. at 479-80.

In Montgomery v. Louisiana, 136 S. Ct. 718 (2016), the Supreme Court then held that Miller was retroactively applicable to cases on collateral review and confronted the issue of how

the states may remedy sentences unconstitutional under <u>Miller</u>. The Supreme Court explained that the remedies are left to the discretion of the various states, noting:

> Giving <u>Miller</u> retroactive effect … does not require States to relitigate sentences, let alone convictions, in every case where a juvenile offender received mandatory life without parole. A State may remedy a <u>Miller</u> violation by permitting juvenile homicide offenders to be considered for parole, rather than by resentencing them. See, *e.g.*, Wyo. Stat. Ann. § 6-10-301(c) (2013) (juvenile homicide offenders eligible for parole after 25 years). Allowing those offenders to be considered for parole ensures that juveniles whose crimes reflected only transient immaturity – and who have since matured – will not be forced to serve a disproportionate sentence in violation of the Eighth Amendment.

<u>Montgomery</u>, 136 S. Ct. at 736.

In the instant case, the state court chose to remedy the <u>Miller</u> violation simply by resentencing petitioner to a term of life imprisonment *with* the possibility of parole.

That comports with Louisiana law. Louisiana courts have expressly held that a <u>Miller</u> violation may be remedied on collateral review by resentencing the offender to life imprisonment *with* the possibility for parole without an evidentiary hearing or an individualized sentencing determination. <u>See, e.g.</u>, <u>State v. Harper</u>, 243 So. 3d 1084 (La. App. 2d Cir. 2017), <u>writ denied</u>, 242 So. 3d 1225 (La. 2018).

It also comports with federal law. As the Louisiana Second Circuit Court of Appeal accurately explained in <u>Harper</u>:

> Harper's arguments that he was entitled to a full evidentiary hearing, the imposition of an individualized sentence, and consideration of whether he should be sentenced according to the lesser included responsive verdict are without merit. *<u>Miller</u> imposed no such requirement in cases where parole eligibility was permitted.* In <u>Miller</u>, the Supreme Court explained that the Eighth Amendment does not prohibit a court from imposing a sentence of life imprisonment with the opportunity for parole for a juvenile homicide offender or require the court to consider the mitigating factors of youth before imposing such a sentence. Instead, *a sentencing court's obligation to consider youth-related mitigating factors is limited to cases where the court imposes a sentence of life, or its equivalent, without parole.* <u>Miller</u>, *supra*. The sole question to be answered in a <u>Miller</u> hearing is whether the defendant should have a chance for parole.

Harper, 243 So. 3d at 1089 (emphasis added).

Simply put: it is clearly meritless to suggest that the state court's decision to remedy petitioner's unconstitutional sentence in this manner was contrary to, or involved an unreasonable application of, Miller, Montgomery, or any other Supreme Court precedent.

Lastly, the Court notes that petitioner correctly observes that when resentencing was required for some Louisiana inmates after the United States Supreme Court held that *mandatory death sentences* were unconstitutional in Roberts v. Louisiana, 428 U.S. 325 (1976), the Louisiana Supreme Court held that the appropriate remedy was to resentence them by imposing the most serious penalty for the next lesser included offense. State v. Craig, 340 So. 2d 191 (La. 1976). He argues that the state courts were therefore required to remedy Miller violations in a similar manner.[16] However, Louisiana courts have repeatedly rejected that argument. See, e.g., State v. Harvin, 239 So. 3d 907 (La. App. 3d Cir. 2018).[17]

---

[16] Rec. Doc. 1, pp. 29-33.

[17] In Harvin, the Louisiana Third Circuit Court of Appeal held:

> Defendant argues that compliance with the dictates in Miller requires the trial court to resentence him to the next lesser offense in this case as the state supreme court did in [State v.] Craig, 340 So.2d 191 [(La. 1976)]. However, as earlier set forth, in [State v.] Shaffer, 77 So.3d 939 [(La. 2011)], the Louisiana Supreme Court rejected the suggestion that the proper remedy was resentencing under a lesser and included offense and held the appropriate remedy was to delete the provisions on parole eligibility. We note as well, in State v. Straub, 12-270, pp. 5-6 (La.App. 1 Cir. 9/21/12), 111 So.3d 38, 41, the first circuit stated:
>
> > Although the Shaffer court did not expressly overrule Craig (wherein the Louisiana Supreme Court remanded for resentencing for aggravated rape to the most serious penalty for the next available responsive verdict, which is attempted aggravated rape), it is clear that the Court considered and rejected the Craig remedy, albeit without explanation. [State v.] Shaffer, [11-1756 (La. 11/23/11),] 77 So.3d [939] at 941 n. 3.
>
> See also State v. Walder, 12-51, p. 6 (La.App. 1 Cir. 9/24/12), 104 So.3d 137, 141, writ denied, 12-2534 (La. 4/19/13), 111 So.3d 1032. Additionally, Craig has not been applied in any Miller/Montgomery case cited by the parties or found by this court.

Harvin, 239 So. 3d at 919.

Further, petitioner's suggestion that the state court's failure to remedy his <u>Miller</u> violation in a similar manner somehow constituted a federal Due Process violation is plainly meritless.  The Due Process Clause, like the *Ex Post Facto* Clause applicable to legislative actions, safeguards "fundamental fairness (through notice and fair warning) and the prevention of the arbitrary and vindictive use of the laws."  <u>Rogers v. Tennessee</u>, 532 U.S. 451, 460 (2001).  However, it is axiomatic that because "there often arises a need to clarify or even to reevaluate prior opinions as new circumstances and fact patterns present themselves," <u>Rogers</u>, 532 U.S. at 461, jurisprudence necessarily evolves rather than remains static.  In light of that reality, a petitioner's right to substantive due process in judicial decisionmaking is violated only where there has been an "unjustified and unpredictable break[] with prior law." <u>Id.</u> at 462.  Therefore, a change in decisional criminal law offends due process and violates the principle of fair warning "only where it is unexpected and indefensible by reference to the law which had been expressed prior to the conduct in issue." <u>Id.</u> (quotation marks omitted).

Obviously, the Louisiana state courts *could have* chosen to remedy <u>Miller</u> violations in the same manner as <u>Roberts</u> violations.  However, that is not the issue; rather, the issue is whether petitioner had a reasonable expectation that <u>Miller</u> violations would *necessarily* be remedied in the same manner.  He did not. <u>Miller</u> was a new case presenting a *different* problem than the one <u>Roberts</u>, and the state courts have opted to solve that new problem in a *different* way.  That does not constitute a break with prior decisional law with respect to <u>Miller</u>-type violations, *because no such law directly on point existed*.  As a result, it simply cannot be said that petitioner had a reasonable expectation that <u>Miller</u> violations would necessarily be remedied in the same way as <u>Roberts</u> violations or that the state courts' failure to do so was so "unexpected and indefensible" as to violate his right to substantive due process. <u>Cf.</u> <u>Burge v. Cain</u>, Civ. Action No. 13-721, 2015

WL 4168111, at *8-11 (E.D. La. July 1, 2015) (addressing the remedying of violations of <u>Graham v. Florida</u>, 560 U.S. 48 (2010), which prohibited the imposition of a life without parole sentence on a juvenile offender for non-homicide offenses).  Moreover, because there is no United States Supreme Court precedent requiring state courts to resentence juvenile offenders in this context to the greatest penalty for the next lesser-included offense, the state courts' denial of relief on this issue was neither contrary to nor an unreasonable application of Supreme Court precedent.  <u>Cf.</u> <u>Jones v. Leblanc</u>, Civ. Action No. 16-844, 2017 WL 5125766, at *6 (E.D. La. Mar. 17, 2017) (addressing a <u>Graham</u> violation), <u>adopted</u>, 2017 WL 5068346 (E.D. La. Nov. 3, 2017).

<u>**RECOMMENDATION**</u>

It is therefore **RECOMMENDED** that the petitioner's application for habeas corpus relief be **DISMISSED WITH PREJUDICE.**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[18]

New Orleans, Louisiana, this fourth day of January, 2019.

**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**

---

[18] <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.